UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,<br>        Plaintiffs,<br><br>v.<br><br>JAMES R. BOUTIN LICENSED ELECTRICIAN, L.L.C. d/b/a JRB ELECTRIC,<br>        Defendant, and<br><br>TD BANK,<br>        Trustee Process Defendant | CIVIL ACTION NO. |

## VERIFIED COMPLAINT

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan").  The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund").  The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund").  The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC").  The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund").  The National Fund is an "employee pension benefit

plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8. The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."

9. Defendant James R. Boutin Licensed Electrician, L.L.C. d/b/a/ JRB Electric ("JRB") is a Massachusetts limited liability company with a principal place of business at 40 Crosby Road, Dracut, MA 01826.  JRB is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Its resident agent for service of process is James R. Boutin, 40 Crosby Rd., Dracut, MA 01826.

10. On information and belief, TD Bank is a banking institution which holds assets of the defendant JRB.

## FACTS

11. On or about May 28, 2019, JRB signed a Letter of Assent authorizing the Boston Chapter of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, collective bargaining agreements between NECA and the International Brotherhood of Electrical Workers Local 103 ("Union").  A copy of JRB's Letter of Assent is attached hereto as Exhibit A.

12. JRB has been a party to successive collective bargaining agreements, including the agreement currently in effect ("Agreement").  A copy of the Agreement is attached hereto as Exhibit B.

13. The Agreement requires signatory employers such as JRB to make contributions to the Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked. In addition to the named plaintiff Funds, the Agreement specifies the amounts to be contributed to the Electrical Industry Labor-Management Cooperation Trust Fund, the National Labor-Management Cooperation Committee, the Administrative Maintenance Fund, and the National Electrical Industry Fund. The Administrator is authorized to collect monies due to all the Funds.

14. The Agreement further specifies that these amounts are to be paid by the 15th day of the subsequent month. The Agreements also specify that working dues and holiday and vacation amounts are to be deducted from the wages of each employee and forwarded to the Union. The Funds and the Union have a separate agreement which allows the Funds to collect those amounts on behalf of the Union.

15. Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th day of the month the payment is due. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

16. Signatory employers such as JRB are obligated to submit remittance reports every month, in which they list the hours worked by each of their employees and calculate the amount of benefit contributions and working dues owed for all work performed by their employees in that month. Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

17. JRB is delinquent in payment of benefit contributions and employee deductions such as working assessments for the months of March and April, 2021. Working assessments

and holiday and vacation amounts deducted from employees' wages are also owed for the months of March 2021 to present.

18. JRB has submitted remittance reports for the month of March 2021 but not April 2021. The Funds have estimated the amount owed for April 2021 using the average of the three preceding months. Based on the reports for March 2021 and the estimate for April 2021, JRB owes the Funds the principal amount of $25,822.45, consisting of $21,073.92 in benefit contributions, $3,022.29 in working assessments deducted from employees' wages, and $1,726.24 in holiday and vacation amounts deducted from employees' wages.

19. Interest on the unpaid benefit contributions continues to accrue until payment. Legal fees and costs owed by JRB to the Funds also continue to accrue. In addition, JRB will owe statutory liquidated damages, which continue to accrue.

20. On April 26, 2021, the Funds sent a formal letter to JRB by delivery-receipted email and first-class mail, postage prepaid, demanding payment of the delinquency at that time spanning the months of February and March 2021. A copy of the demand letter and the email relay confirmation is attached hereto as Exhibit C. On May 26, 2021, the Funds sent another formal demand letter to JRB by delivery-receipted email and first-class mail, postage prepaid, demanding payment of the delinquency at that time spanning the months of February, March, and April 2021. A copy of the demand letter and the email relay confirmation is attached hereto as Exhibit D.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA

22. Plaintiffs incorporate by reference paragraphs 1 through 21 above.

23. Absent an order from this Court, JRB will continue to refuse and fail to pay the contributions it owes to the Plaintiff Funds, along with the interest on late payments, and the Funds and their participants will be irreparably damaged.

24. The failure of JRB to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above.

26. The Agreement is a contract within the meaning of §301 of the LMRA.

27. JRB's failure to pay all contributions and interest owed on behalf of its covered employees and to remit the working dues and holiday and vacation amounts which JRB already deducted out of its employees' wages, violates the terms of the Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court grant the following relief:

a. Enter a preliminary and permanent injunction enjoining James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric from refusing or failing to make payment of benefit contributions, interest, working dues, holiday and vacation amounts, interest, legal fees and costs and statutory liquidated damages owed to Plaintiff Funds;

b. Enter a preliminary and permanent injunction enjoining James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric from refusing or failing to submit remittance reports as required by the Agreement;

6

  c. Order the attachment of the machinery, inventory, vehicles, equipment, and accounts receivable of James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric, up to the amount of $25,822.45;

  d. Order the attachment on trustee process of the bank accounts of James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric at TD Bank up to the amount of $25,822.45;

  e. Order James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from February 1, 2021 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period and accounts receivable;

  f. Enter judgment in favor of the Plaintiff Funds on Count I against James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric for all benefit contributions owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, statutory liquidated damages, and legal fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

  g. Enter judgment in favor of the Plaintiff Funds on Count II against James R. Boutin, Licensed Electrician, L.L.C. d/b/a JRB Electric for all contributions and working dues owed through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may fall due during the pendency of this action; and

  h.  Such further and other relief as this Court may deem appropriate.

               Respectfully submitted,

               MICHAEL P. DONOVAN, as he is
               ADMINISTRATOR, LOCAL 103, I.B.E.W.
               HEALTH BENEFIT PLAN, *et al.*,

               By their attorneys,


               /s/ Kathryn S. Shea
               Kathryn S. Shea, BBO # 547188
               Law Office of Kathryn S. Shea
               108 Trowbridge St., Third Floor
               Cambridge, MA 02138
               (617) 851-4350
               kshea@segalroitman.com

Dated:  June 3, 2021


## **VERIFICATION**

  I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, *et al.*, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, and, as to those statements, I am informed and believe them to be true.

  SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3RD DAY OF JUNE, 2021.


               /s/ Michael P. Donovan
               Michael P. Donovan
               Funds Administrator